## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| JESSICA KILMARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-1491 |
| | ) |
| STATE FARM MUTUAL AUTOMOBILE | ) |
| INSURANCE COMPANY, STATE FARM | ) |
| INTERNATIONAL SERVICES, INC., | ) |
| STATE FARM INVESTMENT | ) |
| MANAGEMENT CORP., STATE FARM VP | ) |
| MANAGEMENT CORP., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is now before the Court are the Motions to Dismiss filed by (1) Defendants State Farm International Services, Inc., State Farm Investment Management Corp., and State Farm VP Management Corp. (ECF No. 14); and (2) Defendant State Farm Mutual Automobile Insurance Company (ECF No. 16) (collectively State Farm International Services, Inc., State Farm Investment Management Corp., and State Farm VP Management Corp., and State Farm Mutual Automobile Insurance Company referred to as "Defendants").  For reasons set forth below, the Motions to Dismiss are GRANTED IN PART and DENIED IN PART.  The Motions are DENIED as to the dismissal of any named Defendant and Count I.  The Motions are GRANTED insofar as Count II is DISMISSED WITHOUT PREJUDICE.  Plaintiff Jessica Kilmartin ("Plaintiff" or "Kilmartin") is given until May 11, 2017, to file an amended complaint in accordance with the direction provided herein if she so chooses.  Defendants are DIRECTED to file an Answer or other responsive pleading on or before June 1, 2017.  This matter is REFERRED back to the Magistrate Judge for further handling.

## BACKGROUND

On December 21, 2016, Plaintiff filed her Complaint against the Defendants. (ECF No. 1). In her Complaint, Plaintiff alleges she was subjected to disability discrimination and retaliation in violation of Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a) and (b). (ECF No. 1 at 3-8). Plaintiff specifically alleges she had a learning disability of mild to moderate deficiency qualifying as a disability within the meaning of 42 U.S.C. § 121002(1)(A) and the Defendants wrongly terminated her employment and failed to promote her in violation of the ADA. *Id*. Plaintiff also alleges she was discriminated against and harassed by the Defendants because of her anxiety disability in violation of the ADA. (ECF No. 1 at 12). Plaintiff also alleges she was terminated because of this disability. *Id*. Finally, Plaintiff alleges she was terminated by the Defendants in violation of the Family Medical Leave Act, 28 U.S.C. § 2611. (ECF No. 1 at 13).

Defendants State Farm International Services, Inc., State Farm Investment Management Corp., and State Farm VP Management Corp. move to dismiss Plaintiff's Complaint arguing Kilmartin has failed to establish these Defendants were her employer under the FMLA or ADA. These Defendants also join Defendant State Farm Mutual Automobile Insurance Company's in its argument that: (1) Plaintiff has failed to state an actionable ADA retaliation claim because her complaint fails to properly allege that she engaged in a statutorily protected activity; and (2) Plaintiff has failed to include sufficient allegations to show she was subjected to harassment so severe or pervasive that it altered the conditions of her employment. The matter is now fully briefed and this Order follows.

## **STANDARD OF REVIEW**

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper if a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, which when accepted as true, states a claim for relief that is plausible on its face. *Ashcrof v. Iqbalt*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (*citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 570 (2007). A plaintiff's claim must "give enough details about the subject matter of the case to present a story that holds together" to be plausible. *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010). A court must draw all inferences in favor of the non-moving party. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993).

Statements in the complaint must be sufficient to provide the defendant with "fair notice" of the claim and its basis. *Appert v. Morgan Stanley Dean Witter, Inc.,* 673 F.3d 609, 622 (7th Cir. 2012). This means that (1) "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the … claim is and the grounds upon which it rests'" and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007); see also Fed. R. Civ. P. 8(a)(2) (A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief.").

When evaluating a motion to dismiss, the Court must accept as true all factual allegations in the complaint. *Ashcroft*, 556 U.S. at 678. However, the Court need not accept as true the complaint's legal conclusions; "[t]hreadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice." *Id.* (*citing Bell Atlantic Corp.*, 550 U.S. at 555). Conclusory allegations are "not entitled to be assumed true." *Ashcroft*, 556 U.S. at 678 (*citing Bell Atlantic Corp.*, 550 U.S. at 554-55).

## **DISCUSSION**

The Court begins with Defendants State Farm VP Management Corp., State Farm Investment Management Corp., and State Farm International Services, Inc.'s argument that there is insufficient allegations to show they were the "employers" of the Plaintiff. The Complaint is clear that the "<u>Defendants</u> hired Plaintiff in approximately June of 2011, as <u>Defendants</u>' Mutual Funds Response Center Representative [and] [o]n or around December 4, 2015, <u>Defendants</u> terminated Plaintiff's employment." (ECF No. 1 at 2-3) (Emphasis Added). Defendants are defined by the Plaintiff as State Farm Mutual Automobile Insurance Company, State Farm VP Management Corp., State Farm Investment Management Corp., and State Farm International Services, Inc. In that regard, Plaintiff has clearly alleged each of the Defendants was her employer. Of course, the point the Defendants are making is that she was not employed by all four distinct, albeit related, entities. Plaintiff, for her part, has elected to maintain the position that each of the Defendants employed her for purposes of her claims because she "is fearful that once the three other Defendants are dismissed, Defendant State Farm Mutual is going to argue one of the dismissed entities is liable for some or all of Plaintiff's claims brought pursuant to the ADA and FMLA." (ECF No. 21 at 7).

The Court agrees with the Plaintiff that she has adequately identified Defendants State Farm Mutual Automobile Insurance Company, State Farm VP Management Corp., State Farm Investment Management Corp., and State Farm International Services, Inc. as employers for purposes of surviving a Rule 12(b)(6) challenge. That being said, Rule 11 of the Federal Rules of

Civil Procedure requires, among other things, that "[b]y presenting to the court a pleading, written motion, or other paper [ ] an attorney [ ] certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances [ ] the factual contentions have evidentiary support [ ]." Plaintiff, at least at this time, steadfastly maintains the four entities were Plaintiff's employer, and indicates she has done the appropriate investigation into the issue. While these factual allegations regarding employment are disputed by the Defendants, the Court, at least at this time, cannot dismiss the moving Defendants as Parties under Rule 12(b)(6). The Parties can, and should, confer on this issue and perhaps reach a resolution on the appropriate party or parties to this lawsuit. The Motion as to the dismissal of any named Defendant is DENIED at this time.

Defendants also move to dismiss Counts I and II of the Complaint arguing Plaintiff has failed to state a claim. (ECF No. 16 at 2). In order to establish a claim for retaliation under the ADA, Plaintiff must present evidence that (1) he or she engaged in a statutorily protected activity; (2) he or she suffered from an adverse action; and (3) there is a causal connection between the two. *King v. Preferred Technical Group,* 166 F.3d 887, 892 (7th Cir.1999); *see also Lesniak v. Quality Control Corp.*, No. 07 C 2948, 2009 WL 799487 (N.D. Ill. Mar. 25, 2009).

Defendants first argue Plaintiff cannot establish that she engaged in any statutorily protected activity that would allow her to move forward on her ADA retaliation claim. (ECF No. 17 at 4). Defendants specifically argue Plaintiff does not allege any facts that she complained about her alleged disability discrimination to the Defendants or any outside agency prior to her termination. *Id.* However, Plaintiff has alleged in her complaint that she "requested [the] use of a checklist to perform her job" as an accommodation in May 2015. (ECF No. 1 at 5). She further alleges that on May 26, 2015, her supervisor was given work restrictions recommended by her

5

speech therapist that included "limited distractions, request demonstrations, request written directions and checklists." *Id*. Thereafter, as alleged, on June 15, 2015, Defendants stated they could not meet Plaintiff's restrictions and put her on paid medical leave. *Id*. Plaintiff alleges she applied for other positions that she was qualified for with accommodations, but was not hired or promoted. (ECF No. 1 at 6). After failing to reasonably accommodate her, Plaintiff alleges the Defendants "failed to hire/and/or promote here, and then discharged her because of her disability." *Id*. The allegations above constitute a basis to demonstrate Plaintiff engaged in a statutorily protected activity. Indeed, Plaintiff has alleged she requested an accommodation for her alleged mild to moderate learning disability prior to her termination (and other alleged misconduct). *Lesniak*, No. 07 C 2948, 2009 WL 799487, at *9.

Defendants also argue Plaintiff cannot show a causal connection between the statutorily protected activity and the adverse action. Plaintiff's Complaint demonstrates some temporal proximity between the alleged protected activity and the adverse action. *Id. See also McClendon v. Indiana Sugars, Inc.,* 108 F.3d 789, 796 (7th Cir.1997); *Dey v. Colt Constr. & Dev. Co.,* 28 F.3d 1446, 1458 (7th Cir.1994). The Complaint alleges that on May 26, 2015, she had provided her employers with her requested accommodations, that she was immediately put on medical leave, and thereafter on June 15, 2016, told she could not be accommodated and placed on paid medical leave. At this stage, the temporal proximity, coupled with the other alleged comments and action of the supervisor, is sufficient enough to survive the Motion to Dismiss. The Defendants' Motions to Dismiss Count I is DENIED.

As for her hostile work environment claim, Defendants note the Seventh Circuit has not yet decided whether hostile work environment harassment claims are actionable under the ADA. *See Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 603 (7th Cir. 2009); *see also Alanis v. Metra*, 2016

6

WL 464043, *7 (N.D. Ill. Feb. 8, 2016).  While this is true, the Seventh Circuit has indicated such a claim is possible – or at least has not ruled out such a claim.  In *Silk v. City of Chicago*, 194 F.3d 788 (7th Cir. 1999), the Seventh Circuit explained:

> Hostile work environment claims are typically associated with sexual harassment rather than disability claims. This circuit has not recognized explicitly an ADA claim based on hostile environment or harassment. *See Miranda v. Wisconsin Power & Light Co.*, 91 F.3d 1011, 1017 (7th Cir.1996). In two cases, other circuits have recognized an ADA hostile work environment claim, without discussion, but summary judgment rulings in favor of the employer were affirmed.  In *Miranda,* 91 F.3d at 1017, this court chose not to decide the question whether a claim of constructive discharge stemming from a hostile working environment was cognizable under the ADA because, even assuming that it was, the plaintiff's claim fell far short of what a successful claim would require. <u>Nevertheless, we noted that such a claim "would seem to arise under the general prohibition against discrimination with respect to terms or conditions of employment contained in [42 U.S.C.] § 12112(a)" and in 29 C.F.R. § 1630.4, which provides that it is unlawful to discriminate against a disabled employee in regard to any "term, condition, or privilege of employment.</u>" *Id.* Most circuits have assumed, without deciding, the existence of such a cause of action, but have declined to recognize it expressly because the cases before those courts were not the appropriate ones in which to make such a determination.  We too shall proceed on the assumption that a hostile work environment claim is cognizable under the ADA.

*Id.* at 803–04 (7th Cir. 1999) (Emphasis added).  That being said, the Defendants correctly note that Plaintiff has failed to "alleged [the] conduct was subjectively and objectively hostile and rose to the level of severe or pervasive conduct that altered the conditions of her employment [ ]." (ECF No. 16 at 3).  The allegations contained in the Complaint are limited in this regard.  The Complaint alleges:

- Plaintiff was moved to another position "wherein she had to perform duties that were not required when she started her position."  (ECF No. 1 at 9-10);

- From March 2015 through May 2015, one of Plaintiff's supervisors, Lisa Kozlen, verbally harassed her by commenting on Plaintiff's absences, which were due to her disability of anxiety and were protected by the FMLA. (ECF No 1 at 10);

- Plaintiff was written up on March 17, 2015, for not attending a meeting while have an anxiety attack.  *Id.*; and

7

- Plaintiff was written up on May 13, 2015, for "unprofessional behavior" while she was having an anxiety attack. *Id*.

The Plaintiff's Complaint does not allege the type of conduct nor the frequency that would give rise to a hostile environment (or harassment) claim. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 787–88, 118 S. Ct. 2275, 2283, 141 L. Ed. 2d 662 (1998) *citing Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 22, 114 S. Ct. 367, 371, 126 L. Ed. 2d 295 (1993) (Noting that an examination of a sexual harassment claim should include "'looking at all the circumstances,' including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'"). Generally, comments regarding job performance do not rise to the level of actionable harassment. *See Keever v. City of Middletown*, 145 F.3d 809, 813 (6th Cir. 1998) ("Conversations between an employee and his superiors about his performance does not constitute harassment simply because they cause the employee distress."). Accordingly, the Defendants' Motion to Dismiss Count II is GRANTED. Nonetheless, out of an abundance of caution, the Court will allow Plaintiff an opportunity to re-plead this claim. Plaintiff is GRANTED until May 11, 2017, to file an amended complaint if she can do so in good faith. Defendants are DIRECTED to file an Answer or other responsive pleading (if an Amended Complaint is filed) on or before June 1, 2017.

## CONCLUSION

For reasons stated herein, the Motions to Dismiss filed by (1) Defendants State Farm International Services, Inc., State Farm Investment Management Corp., and State Farm VP Management Corp. (ECF No. 14); and (2) Defendant State Farm Mutual Automobile Insurance Company (ECF No. 16) are GRANTED IN PART and DENIED IN PART. The Motions are DENIED as to the dismissal of any named Defendant and Count I. The Motions are GRANTED

8

insofar as Count II is DISMISSED WITHOUT PREJUDICE.  Plaintiff is given until May 11, 2017, to file an amended complaint in accordance with the direction provided herein if she so chooses.  Defendants are DIRECTED to file an Answer or other responsive pleading on or before June 1, 2017.  This matter is REFERRED back to the Magistrate Judge for further handling.

ENTERED this 21st day of April 2017.

    /s/ Michael M. Mihm
    Michael M. Mihm
    U.S. District Court Judge