## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Jessica Kilmartin<br>c/o Ashton N. Nowlan, Attorney<br>1227 South 7th Street<br>Springfield, IL 62705 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2016-01411 | Gloria M. Mayfield,<br>Investigator | (312) 869-8028 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)   /s/ Julianne Bowman          9/22/16
                **Julianne Bowman,**         (Date Mailed)
                **District Director**

cc: STATE FARM INSURANCE
    c/o Sverre Olsen
    HR/Agency Counseling & Litigation
    1 State Farm Plaza
    Bloomington, IL 61710-0001


PLAINTIFF'S EXHIBIT B

# CHARGE OF DISCRIMINATION

*This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA<br>☒ EEOC | 440-2016-01411 |

City of Springfield, IDHR _____ and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Ms. Jessica Kilmartin | 217-778-5655 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 107 W. Warren St. | Leroy, IL 61752 | /1979 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| State Farm Mutual Automobile Insurance Company | 15+ | 309-766-2311 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| One State Farm Plaza | Bloomington, IL 61710 | McLean |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ AGE
☒ RETALIATION   ☐ NATIONAL ORIGIN   ☒ DISABILITY   ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA): March 1, 2015
LATEST (ALL): December 21, 2015

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

See attached.

RECEIVED EEOC
DEC 28 2015
CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Jessica Kilmartin
Date — Charging Party (Signature)  12/22/15

NOTARY - (When necessary for State and Local Requirements)
/s/ Alice J. Johanns

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT
/s/ Jessica Kilmartin

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)
12/22/15

"OFFICIAL SEAL"
ALICE J. JOHANNS
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 11/13/2016

EEOC FORM 5 (Rev. 12/93)

## JESSICA KILMARTIN
## ATTACHMENT - CHARGE OF DISCRIMINATION - (1 of 4)

I. A. ISSUE BASIS- STATE FARM
   1. Discharge – On or about December 4, 2015, because of my learning disability of mild to moderate deficiency.

B. PRIMA FACIE ALLEGATIONS

1. I am an individual with a disability within the meaning of Section I-103(1) of the Human Rights Act and 42 U.S.C. Section 12102(1) of the Americans with Disabilities Act.
2. Respondent was aware of my learning disability since I was diagnosed with mild to moderate deficiency and restrictions were sent to my supervisors on or about May 26, 2015.
3. I performed by job duties in a satisfactory manner.
4. On or about May 26, 2015, my supervisors were given the following work restrictions recommended by my speech therapist: "limit distractions, request demonstration, request written directions and checklists."
5. On or about May 26, 2015, I was put on medical leave until Respondent's ADA committee could determine whether or not it could accommodate my restrictions.
6. On June 15, 2015, Respondent said they could not accommodate my restrictions and put me on paid medical leave until an accommodation could be made.
7. I am aware that some of Respondent's other departments have implemented and utilized checklists similar to the checklist I requested to use, although my supervisor, Lisa Kozlen, would not allow me to use a checklist to perform my job.
8. To date, Respondent has not accommodated my restrictions.
9. On or about December 4, 2015, I was discharged by Respondent because they failed to accommodate my disability.
10. Since I was placed on medical leave, I have applied for numerous PA3 positions with Respondent. However, to date, Respondent has not approved me for any of the open positions.
11. My disability is unrelated to my ability to perform my job duties and I was otherwise qualified to perform the essential functions of the job.

**JESSICA KILMARTIN**
**ATTACHMENT - CHARGE OF DISCRIMINATION - (2 of 4)**

II.  A.  ISSUE BASIS – STATE FARM
   1.  Disability Discrimination- Failure to accommodate my learning disability of mild to moderate deficiency.

   B.  PRIMA FACIE ALLEGATIONS

   1. I am an individual with a disability within the meaning of Section I-103(1) of the Human Rights Act and 42 U.S.C. Section 12102(1) of the Americans with Disabilities Act.
   2. Respondent was aware of my learning disability since I was diagnosed with mild to moderate deficiency and restrictions were sent to my supervisors on or about May 26, 2015.
   3. I performed by job duties in a satisfactory manner.
   4. On or about December 4, 2015, I was discharged by my Respondent because they failed to accommodate my disability.
   5. On or about May 26, 2015, my supervisors were given the following work restrictions recommended by my speech therapist: "limit distractions, request demonstration, request written directions and checklists."
   6. I am aware that some of Respondent's other departments have implemented and utilized checklists similar to the checklist I requested to use, although my supervisor, Lisa Kozlen, would not allow me to use a checklist to perform my job.
   7. On or about May 26, 2015, I was put on medical leave until Respondent's ADA committee could determine whether or not it could accommodate my restrictions.
   8. On June 15, 2015, Respondent said they could not accommodate my restrictions and put me on paid medical leave until an accommodation could be made.
   9. To date, Respondent has not accommodated my restrictions.
   10. My disability is unrelated to my ability to perform my job duties and I was otherwise qualified to perform the essential functions of the job.

III.  A.  ISSUE BASIS - STATE FARM
   1.  Disability Discrimination- Failure to Hire/Promote due to my learning disability of mild to moderate deficiency.

   B.  PRIMA FACIE ALLEGATIONS

   1. I am an individual with a disability within the meaning of Section I-103(1) of the Human Rights Act and 42 U.S.C. Section 12102(1) of the ADA.
   2. On or about May 26, 2015, my supervisors were given the following work restrictions recommended by my speech therapist: "limit distractions, request demonstration, request written directions and checklists."
   3. On or about May 26, 2015, I was put on medical leave until Respondent's ADA committee could determine whether or not it could accommodate my restrictions.
   4. On June 15, 2015, Respondent said they could not accommodate my restrictions and put me on paid medical leave until an accommodation could be made.



## JESSICA KILMARTIN
## ATTACHMENT - CHARGE OF DISCRIMINATION - (3 of 4)

5. I am aware that some of Respondent's other departments have implemented and utilized checklists similar to the checklist I requested to use, although my supervisor, Lisa Kozlen, would not allow me to use a checklist to perform my job.
6. To date, Respondent has not accommodated my restrictions.
7. Since I was placed on medical leave, I have applied for numerous PA3 positions with Respondent. However, to date, Respondent has not approved me or hired me for any of the open positions.
8. I performed by job duties in a satisfactory manner.
9. My disability is unrelated to my ability to perform my job duties and I was otherwise qualified to perform the essential functions of the maintenance job.
10. Respondent hired and/or transferred a non-disabled person to fill available PA3 positions.

IV.  A.  ISSUE BASIS – STATE FARM
1. Disability Discrimination due to my disability of severe anxiety.

B.  PRIMA FACIE ALLEGATIONS

1. I am an individual with a disability within the meaning of Section I-103(1) of the Human Rights Act and 42 U.S.C. Section 12102(1) of the Americans with Disabilities Act.
2. Respondent was aware of my disability of anxiety since I was approved for Family and Medical Leave Act ("FMLA") on or about March 9, 2015, wherein I took six (6) days off per month.
3. In March of 2015, after I was placed on intermittent FMLA leave, I was moved to a new role wherein I had to perform duties that were not required when I started my position. I only received one thirty-minute training session for my new role and was not trained again after that.
4. One of my supervisors, Lisa Kozlen (disability unknown) verbally harassed me by commenting on my absences, which were protected by FMLA leave, as well as reprimanded me for making my own checklists to ensure my work was completed properly.
5. I am aware that some of Respondent's other departments have implemented and utilized checklists similar to the checklist I requested to use, although my supervisor, Lisa Kozlen, would not allow me to use a checklist to perform my job.
6. I performed by job duties in a satisfactory manner; however, my supervisor, Lisa Kozlen, continued to write me up, noting my absences, which were protected by the FMLA.
7. On March 17, 2015, one of my supervisors, Lisa Kozlen, wrote me up for not attending a meeting while I was having an anxiety attack.
8. On May 13, 2015, one of my supervisors, Lisa Kozlen, wrote me up for unprofessional behavior while I was having an anxiety attack.
9. My disability is unrelated to my ability to perform my job duties and I was otherwise qualified to perform the essential functions of the job.

3

JESSICA KILMARTIN
ATTACHMENT - CHARGE OF DISCRIMINATION - (4 of 4)

DATE: Dec 21, 2015

/s/ Jessica Kilmartin
JESSICA KILMARTIN

Subscribed and Sworn to before me
this 21st day of Dec, 2015.
/s/ M. Colleen Collins
Notary Public

"OFFICIAL SEAL"
M. COLLEEN COLLINS
Notary Public, State of Illinois
My commission expires 09/26/16

4



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Chicago District Office

500 West Madison Street, Suite 2000
Chicago, IL 60661
PH: (312) 869-8000
TTY: (312) 869-8001
ENFORCEMENT FAX: (312) 869-8220
STATE & LOCAL FAX: (312) 869-8077
LEGAL FAX: (312) 869-8124

FILE REVIEWS FAX: (312) 869-8220
MEDIATION: (312) 869-8060
HEARINGS FAX: (312) 869-8125

# NOTICE OF DISCLOSURE RIGHTS

Parties to an EEOC charge are entitled to review and obtain copies of documents contained in their investigative file. Requests must be made in writing to **Sylvia Bustos** and either mailed to the address above, faxed to **(312) 869-8220** or sent via email to sylvia.bustos@eeoc.gov (please chose only one method, no duplicate requests). _**Be sure to include your name, address, phone number and EEOC charge number with your request**_.

If you are the Charging Party and a RIGHT TO SUE has been issued, you may be granted access to your file:

* _**Before filing a lawsuit**_, but within 90 days of your receipt of the Right to Sue, or

* _**After your lawsuit has been filed.**_ If more than 90 days have elapsed since your receipt of the Right to Sue, include with your request a copy of the entire court complaint (with court stamped docket number) or enough pages to determine whether it was filed based on the EEOC charge.

If you are the _**Respondent**_ you may be granted access to the file _**only after**_ a lawsuit has been filed. Include with your request a copy of the entire court complaint that includes an official court stamped docket number.

Pursuant to federal statutes, certain documents, such as those which reflect the agency's deliberative process, will not be disclosed to either party.

You must sign an Agreement of Nondisclosure **before** you are granted access to the file, which will be sent to you after receipt of your written request. (Statutes enforced by the EEOC prohibit the agency from making investigative information public.)

The process for access to the file will begin no later than ten (10) days following receipt of your request.

When the file becomes available for review, you will be contacted. You may review the file in our offices and/or request that a copy of the file be sent to you. Files may not be removed from the office.

Your file will be copied by **Aloha Print Group, 60 East Van Buren, Suite 1502, Chicago, IL 60605, (312) 542-1300.** You are responsible for the copying costs and must sign an agreement to pay these costs before the file will be sent to the copy service. Therefore, _**it is recommended that you first review your file**_ to determine what documents, if any, you want copied. EEOC will not review your file or provide a count of the pages contained in it. If you choose not to review your file, it will be sent _**in its entirety**_ to the copy service, _**and you will be responsible for the cost**_. Payment must be made directly to Aloha Print Group, which charges 15 cents per page.

(Revised 04/20/2016, previous copies obsolete)

# FILING SUIT IN COURT OF COMPETENT JURISDICTION

## PRIVATE SUIT RIGHTS

The issuance of this *Notice of Right to Sue* or *Dismissal and Notice of Rights* ends the EEOC process with respect to your Charge. You may file a lawsuit against the Respondent within 90 days from the date you receive this Notice. Therefore, you should keep a record of the date. Once the 90 day period is over, your right to sue is lost. If you intend to consult an attorney, you should do so as soon as possible. Furthermore, in order to avoid any question that you did not act in a timely manner, if you intend to sue on your own behalf, your suit should be filed well in advance of the expiration of the 90 day period.

You may file your lawsuit in a court of competent jurisdiction. Filing this Notice is not sufficient. A court complaint must contain a short Statement of the facts of your case which shows that you are entitled to relief. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the Respondent has its main office.

You may contact the EEOC if you have any questions about your rights, including advice on which court can hear your case, or if you need to inspect and copy information contained in the case file.

**IF THE FIRST THREE CHARACTERS OF YOUR <u>EEOC CHARGE NUMBER</u> ARE "21B" <u>AND</u> YOUR CHARGE WAS INVESTIGATED BY THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS (IDHR), REQUEST FOR REVIEWING AND COPYING DOCUMENTS FROM YOUR FILE <u>MUST</u> BE DIRECTED TO IDHR.**

A lawsuit against a private employer is generally filed in the U.S. District Court.

A lawsuit under Title VII of the Civil Rights Act of 1964, as amended, against a State agency or a political subdivision of the State is also generally filed in the U.S. District Court.

However, a lawsuit under the Age Discrimination in Employment of the American with Disabilities Act or, probably, the Equal Pay Act against a State instrumentality (an agency directly funded and controlled by the State) can only be filed in a State court.

A lawsuit under the Age Discrimination in Employment Act or the American with Disabilities Act or the Equal Pay Act against a political subdivision of a State, such as municipalities and counties, may be filed in the U.S. District Court.

For a list of the U.S. District Courts, please see the reverse side.

## ATTORNEY REPRESENTATION

If you cannot afford an attorney, or have been unable to obtain an attorney to represent you, the court having jurisdiction in your case may assist you in obtaining a lawyer. If you plan to ask the court to help you obtain a lawyer, you must make this request of the court in the form and manner it requires. Your request to the court should be made well in advance of the 90 day period mentioned above. A request for representation does not relieve you of the obligation to file a lawsuit within the 90-day period.

## DESTRUCTION OF FILE

If you file suit, you or your attorney should forward a copy of your court complaint to this office. Your file will then be preserved. Unless you have notified us that you have filed suit, your Charge file could be destroyed as early as six months after the date of the Notice of Right to Sue.

**IF YOU FILE SUIT, YOU OR YOUR ATTORNEY SHOULD NOTIFY THIS OFFICE WHEN THE LAWSUIT IS RESOLVED.**

**CHICAGO DISTRICT OFFICE**
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**500 WEST MADISON STREET, SUITE 2000**
**CHICAGO, ILLINOIS 60661**

OFFICIAL BUSINESS

OCT 06 2016



02 1P
0000808294        $ 000.885
MAILED FROM ZIP CODE 60661    SEP 30 2016